# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| SYLVIA DENISE GOODRUM, | * | |
| Petitioner, | * | CASE NO. 5:07-CV-90013 WDO |
| vs. | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | CASE NO. 5:03-CR-21 WDO |
| Respondent. | * | |

## **REPORT AND RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Indictment was returned in this court on February 28, 2003, charging Petitioner Goodrum with three Counts of Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). (R-1) On October 7, 2003, Petitioner Goodrum entered into a Plea Agreement with the Government (R-32) and pleaded guilty to Count III of the Indictment, Possession With Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). (R-33) Counts I and II were dismissed.

On January 16, 2004, the Court sentenced Petitioner to 120 months imprisonment upon her conviction by guilty plea as to Count III of the Indictment. (R-38) Petitioner did not appeal her sentence. She had validly waived her right to do so in her Plea Agreement. Moreover, she did not file a Motion To Vacate, Set Aside, or Correct her Sentence Pursuant

to 28 U.S.C.§ 2255 with the one-year period of limitation provided by the Anti-terrorist and Effective Death Penalty Act (AEDPA). Petitioner Goodrum waited until August 27, 2007, three years and seven months after her conviction and sentence had become final, to file her present Motion To Correct Sentence which would have been allowed pursuant to 28 U.S.C. § 2255 had it been timely filed.

The AEDPA codified as part of 28 U.S.C. § 2255, in relevant part, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA (period of limitation) is not obscure. It was enacted to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction. . . . Congress meant to streamline and simplify (the habeas corpus process)." *Hohn v. United*

*States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998).

All of the claims made in Petitioner's present Motion To Correct Sentence were know to her from the time of her sentencing on January 16, 2004, and at all times thereafter within the AEDPA one-year period of limitations. Her Motion To Correct Sentence is time-barred by three years and seven months. This Court is without authority to consider it.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion be DENIED and DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 4th day of September 2007.

                                                  S/ G. MALLON FAIRCLOTH
                                                  UNITED STATES MAGISTRATE JUDGE