**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | |
| **SYLVIA DENISE GOODRUM,** | : | Case No.: 5:03-CR-21 |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER**

Before the Court is Defendant's Motion to Reconsider (Doc. 47) her Motion to Correct Sentence (Doc. 41), and Defendant's 18 U.S.C. § 3582 Motion for Reduction of Sentence Based on Retroactive Crack Cocaine Guideline Amendment ("§ 3582 Motion") (Doc. 48). For the following reasons, Defendant's Motion to Reconsider is denied. In addition, this Court has already issued an Order (Doc. 49) denying Defendant's § 3582 Motion to Reduce Sentence to the extent that the Motion requested that this Court reduce Defendant's sentence based on the retroactive applicability of the crack cocaine amendment to the Sentencing Guidelines. In that Order, however, this Court did not dispose of two other issues that Defendant raised in her § 3582 Motion. For the following reasons, Defendant's § 3582 Motion is denied.[1]

**I.     BACKGROUND**

---

[1] This Court's discussion of Defendant's § 3582 Motion will only address the issues raised in the Motion that this Court did not dispose of in the March 18, 2008, Order denying Defendant's request for a sentence reduction pursuant to the crack amendment.

1

On September 4, 2007, Defendant filed a Motion to Correct Sentence. In the Motion, Defendant asserts that her sentence should be "corrected" for two reasons: first, her Sixth Amendment rights were violated when she was denied the counsel of her choice; and second, this Court erroneously applied a firearm enhancement to her sentence. The Magistrate Judge and this Court originally treated Defendant's Motion to Correct Sentence as a 28 U.S.C. § 2255 motion. On September 20, 2007, this Court adopted (Doc. 45) the Magistrate Judge's Recommendation (Doc. 43) that Defendant's Motion to Correct Sentence be dismissed on the ground that it was untimely filed pursuant to § 2255's one-year statute of limitations. Subsequently, Defendant filed with the Eleventh Circuit an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. The Eleventh Circuit denied Defendant's request as unnecessary because Defendant never filed a first § 2255 motion. In re Sylvia Denise Goodrum, No. 07-15011-A (11th Cir. Nov. 09, 2007). The Eleventh Circuit reasoned that pursuant to Castro v. United States, 540 U.S. 375 (2003), this Court should not have recharacterized Defendant's Motion to Correct Sentence as a § 2255 motion without warning her of the consequences of recharacterizing it. As a result, Defendant's original Motion to Correct Sentence did not constitute "'a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions.'" In re Sylvia Denise Goodrum, No. 07-15011-A (quoting Castro, 540 U.S. at 383-84).

After the Eleventh Circuit's decision in her case, Defendant filed a Motion to Reconsider on the ground that this Court improperly treated her Motion to Correct Sentence

as a § 2255 motion. In addition, on March 10, 2008, Defendant filed a § 3582 Motion seeking to have her sentence modified on three grounds. The main argument Defendant raised in her § 3582 Motion was that this Court should reduce her sentence pursuant to the retroactive crack cocaine amendment. On March 18, 2008, his Court issued an Order denying Defendant's request for a sentence reduction pursuant to the crack cocaine amendment. The Order, however, did not address the other two issues that Defendant raised in her § 3582 Motion. Those two issues are the identical issues that Defendant raised in her Motion to Correct Sentence–that is, her Sixth Amendment rights were violated and this Court erroneously applied a firearm enhancement to her sentence.

## II.   DISCUSSION

Because Defendant does not want us to construe her Motion to Correct Sentence as a § 2255 Motion, this Court can only modify Defendant's sentence if Defendant is entitled to a modification under 18 U.S.C. § 3582(c). Pursuant to § 3582(c), a district court can only modify a term of imprisonment in three situations: (1) upon motion of the Director of the Bureau of Prisons for the reasons specified in 18 U.S.C. § 3582(c)(1)(A); (2) to the extent permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when the Sentencing Commission has reduced the guideline range for the defendant's offense and made the reduction retroactive. 18 U.S.C. § 3582(c).

In this case, Defendant's Motion to Correct Sentence and § 3582 Motion seek to have her sentence modified on the grounds that her Sixth Amendment right to counsel was

violated and that this Court erroneously applied a firearm enhancement to her sentence.[2] Neither of these two grounds provides a possible basis for relief under § 3582(c), and therefore, Defendant's Motion to Reconsider and § 3582 Motion are denied. Defendant's only possible avenue for relief is 28 U.S.C. § 2255, but Defendant has not filed a § 2255 motion.[3]

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider her Motion to Correct Sentence is denied, and Defendant's § 3582 Motion requesting relief on issues not previously addressed by this Court is denied.

**SO ORDERED**, this the 2nd day of April, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc

---

[2] This Court would like to reemphasize that this Order on Defendant's § 3582 Motion only addresses the two issues that this Court's prior Order on the Motion did not address. For the reasons contained in this Court's March 18, 2008, Order, Defendant is not entitled to a reduction of sentence pursuant to the crack cocaine amendment.

[3] This Court expresses no opinion as to whether or not Defendant would prevail on her § 2255 Motion.

4