# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| SYLIVA DENISE GOODRUM, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90017 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:03-CR-21 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's second Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255 (R-51) is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts. Petitioner Goodrum filed a previous § 2255 Motion To Vacate her sentence in this Court on August 27, 2007 (R 40, 41), three years and seven months after her conviction had become final on January 27, 2004. *See* R-38. Her first Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C.§ 2255 was found to be barred by the one-year AEDPA statute of limitations and denied on September 20, 2007. (R- 45). Petitioner Goodrum's sentence was reviewed pursuant to the mandate of U.S.Sentencing Guideline Amendments 711 and 715, effective March 3, 2008, and the Court determined that no change in the sentence was warranted. (R-49).

Petitioner Goodrum's second Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C.§ 2255 (R-51), filed on June 2, 2008, raises claims that apply to her

original conviction.[1] In her Motion, she states, as Ground I, that her conviction was obtained in violation of her Sixth Amendment Right to an attorney of her own choice. Her Ground II alleges that upon the search of her house, the FBI found guns in another room in her residence which were not used in connection to her offense and it was not proven that the guns were hers. Her Ground III alleges that her conviction was obtained by an estimated amount of drugs found in her residence, and that the Plea Agreement which she entered into with the Government indicated five grams of crack cocaine, but had in parentheses 50 grams of a mixture and substance containing a detectable amount of cocaine base. She states that, "The Government used the personal drugs in order to convict me of distribution of drugs." In her Fourth Ground, Petitioner Goodrum alleges that, "Due to the fact that I signed a plea agreement in which it stated I did not have the right to an appeal," she was denied the right to appeal. She asserts that she feels entitled to an out-of-time appeal due to ineffective assistance of counsel.

All of Petitioner Goodrum's claims are barred by the AEDPA one-year statute of limitations. A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant

---

[1] A § 2255 Motion filed within one-year of Resentencing and on issues relating to the resentencing is timely. 28 U.S.C. § 2255; *Hepburn v. Moore,* 215 F.3d 1208, 1209 (11th Cir. 2000).

guilty of the offense; or **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255, ¶ 8. "Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281 (11th Cir. 2000).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside, or Correct her sentence be summarily DENIED as a second or successive petition. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file with the United States District Judge, written objections to this Recommendation, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 9th day of June 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE