## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| SYLIVA DENISE GOODRUM, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90017 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:03-CR-21 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

Indictment was returned in this Court on February 28, 2003, charging Petitioner Goodrum with three Counts of Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). (Doc. 1). On October 7, 2003, Petitioner Goodrum entered into a Plea Agreement with the Government (Doc. 32) and pleaded guilty to Count III of the Indictment, Possession With Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). (Doc. 33) Counts I and II were dismissed per Plea Agreement. On January 16, 2004, the Court sentenced Petitioner to 120 months imprisonment upon her conviction by guilty plea as to Count III of the Indictment. (R-38). Petitioner did not file a direct appeal. Moreover, she did not file a Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C.§ 2255 within the one-year period of limitation provided by the Anti-terrorist and Effective Death Penalty Act (AEDPA). On August 27, 2007, three years and seven months after her conviction and sentence had become final, Petitioner Goodrum filed a *Motion To Correct Sentence*. (Doc. 41). In this Motion, she sought to have her sentence modified on the grounds that her Sixth Amendment right to counsel had been violated and that the District Court had erroneously applied

a firearm enhancement to her sentence. Goodrum explained, for the first time, in her Response (Doc. 44) filed on September 18, 2007, to the Magistrate Judge's Report and Recommendation (Doc.- 43), which treated her *Motion To Correct Sentence* as a time-barred *Motion To* Vacate, Set Aside, or *Correct Sentence* pursuant to 28 U.S.C. § 2255 (emphasis added), that she had filed her Motion To Correct Sentence pursuant to Rule 27(a)(1) - **Application for Relief**. The Rule 27, that Petitioner Goodrum references, is Rule 27 of the Rules of Appellate Procedure and has never had any application to a Motion To Correct Sentence, filed in a District Court. Federal Rules of Appellate Procedure "govern procedure in the United States courts of appeals." Fed.R.App.P., Rule 1. Therefore, Petitioner cannot proceed under Rule 27(a)(1), Rule of Appellate Procedure, to correct her sentence.

On August 28, 2008, this Court served Petitioner Goodrum with Notice of Recharacterization of her Motion To Correct Sentence pursuant to *Castro v. United States,* 540 U.S 375, 124 S.Ct. 786 (2003)*,* (Doc. 57), because the style of the Motion and its claims sounded clearly in § 2255, and, as such, were found to be time-barred by more than three years. (Doc. 43 and Doc.45). Petitioner Goodrum has responded to the Notice of Recharactization with a Motion For Out of Time Appeal (Doc. 58), in which she states:

> I am asking this court to grant my amended motion to be a Motion for an Out-of-Time appeal which contains all the grounds that I would put in my Motion to Vacate, Set Aside, or Correct Sentence – § 2255. As a matter of fact, I am attaching a copy of a § 2255 petition which submitted May 27, 2008, as it relates to the grounds that I have mentioned in this court previously.

Petitioner Goodrum continues to confirm that her Motions, filed three years after the expiration of her AEDPA 1-year period of limitations are successive § 2255 Motions which must have the authorization of the United States Court of Appeals for the Eleventh Circuit to be

entertained in this court.   Therefore, her present Motion for Leave to file a Motion for Out-of-Time Appeal is denied.

Title 28, United States Code, Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Goodrums Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, as re-characterized, be DISMISSED and that she make application to the United States Court of Appeals for the Eleventh Circuit for authorization to re-place jurisdiction in this court to entertain her successive petition.   Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 2nd day of October 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE