IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **SYLVIA DENISE GOODRUM,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No.: 5:03-CR-21 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 59). The R&R recommends that the Court deny Petitioner's Motion to Correct Sentence (Doc. 41), Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 51), and Petitioner's Motion for Leave to File (Doc. 58). For the following reasons, the R&R is rejected and the matter is remanded to the Magistrate Judge for further proceedings consistent with the terms of this Order. Petitioner's Motion for Leave to File is denied as moot.

**I.   BACKGROUND**

On September 4, 2007, Petitioner filed a Motion to Correct Sentence. In the Motion, she asserted that her sentence should be "corrected" for two reasons: first, her Sixth Amendment rights were violated when she was denied the counsel of her choice; and second, this Court erroneously applied a firearm enhancement to her sentence. The Magistrate Judge and this Court originally treated the Motion as a 28

U.S.C. § 2255 petition. On September 20, 2007, this Court adopted (Doc. 45) the Magistrate Judge's Recommendation (Doc. 43) that Petitioner's Motion to Correct Sentence be dismissed on the ground that it was untimely filed pursuant to § 2255's one-year statute of limitations. Subsequently, Petitioner filed with the Eleventh Circuit an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. The Eleventh Circuit denied Petitioner's request as unnecessary because she never filed a first § 2255 motion. In re Sylvia Denise Goodrum, No. 07-15011-A (11th Cir. Nov. 09, 2007). The Eleventh Circuit reasoned that pursuant to Castro v. United States, 540 U.S. 375 (2003), this Court should not have recharacterized Defendant's Motion to Correct Sentence as a § 2255 motion without warning her of the consequences of doing so. As a result, Petitioner's original Motion to Correct Sentence did not constitute "'a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions.'" In re Sylvia Denise Goodrum, No. 07-15011-A (quoting Castro, 540 U.S. at 383-84).

After the Eleventh Circuit's decision in her case, Petitioner filed a Motion to Reconsider (Doc. 47) on the ground that this Court improperly treated her Motion to Correct Sentence as a § 2255 motion. On April 2, 2008, the Court entered an Order (Doc. 50) reconsidering her original Motion to Correct Sentence as a Motion to Correct Sentence Under 18 U.S.C. § 3582(c), but the Court denied her Motion to Correct Sentence on the ground that § 3582(c) did not provide an avenue for relief

on the claims that Petitioner asserted in the Motion.

Subsequently, Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 51). On June 9, 2008, the Magistrate Judge entered an R&R (Doc. 53) that recommended denying her Motion to Vacate on the ground that it was a second or successive petition. The Court rejected this R&R because, as the Court stated in its April 2nd Order, Petitioner never filed a first § 2255 motion. The Magistrate Judge then issued an Order of Recharacterization (Doc. 57) on Petitioner's original Motion to Correct Sentence. The Magistrate Judge's Order notified Petitioner of the consequences of recharacterizing the Motion as a § 2255 petition and allowed her thirty (30) days to contest the recharacterization. On October 1, 2008, Petitioner filed an "Amended Motion to Correct Sentence to a Motion for an Out-of-Time Appeal" (Doc. 58), in which Petitioner essentially requests that the Court not recharacterize her Motion to Correct Sentence as a § 2255 petition (Doc. 58 at 1.) Instead, she seeks to have the Court treat her Motion to Correct Sentence as a Motion for an Out-of-Time Appeal.

On October 2, 2008, the Magistrate Judge entered the R&R that is currently before the Court. The R&R treats Petitioner's Motion to Correct Sentence as a recharacterized § 2255 petition and denies it on the ground that it is a second or successive petition. The R&R also denies her Motion for Out-of-Time Appeal.

## II.   DISCUSSION

In its April 2nd Order, the Court denied Petitioner's Motion to Correct Sentence

(Doc. 41). Once the Order was entered, Petitioner's Motion to Correct Sentence was terminated and there was nothing for the Magistrate Judge to recharacterize. Instead of recharacterizing Petitioner's earlier-filed Motion to Correct Sentence, the Magistrate Judge should have issued an R&R on Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 51) and treated it as a first § 2255 petition. As a result, the R&R is rejected and the matter is remanded to the Magistrate Judge. The Magistrate Judge shall treat Petitioner's Motion to Vacate (Doc. 51) as a first § 2255 petition.

Also, Petitioner's Motion for Leave to File is denied as moot as it seeks to have the Court recharacterize her Motion to Correct Sentence as a Motion for Out-of-Time Appeal. For the reasons previously stated in this Order, the Court's April 2nd Order entirely disposed of her Motion to Correct Sentence. Thus, there is nothing for the Court to recharacterize.

**SO ORDERED**, this the 4th day of November, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc