## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

SYLVIA DENISE GOODRUM,  *

    Petitioner,   *
                 CASE NO. 5:08-CV-90017 HL
vs.         *     28 U.S.C. § 2255
                 CASE NO. 5:03-CR-21 HL
UNITED STATES OF AMERICA, *

    Respondent.   *

## REPORT AND RECOMMENDATION

  Petitioner's Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

  Indictment was returned in this Court on February 28, 2003, charging Petitioner Goodrum with three Counts of Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). (Doc. 1).  On October 7, 2003, Petitioner Goodrum entered into a Plea Agreement with the Government (Doc. 32) and pleaded guilty to Count III of the Indictment, Possession With Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). (Doc. 33).  Counts I and II were dismissed per Plea Agreement. On January 13, 2004, the Court sentenced Petitioner to 120 months imprisonment and entered the same as Judgment on January 16, 2004.  (R-38).  Petitioner did not file a direct appeal, as she acknowledges in her Motion To Correct Sentence (Doc. 41) at ¶ 2.   Therefore, her conviction became final ten (10) days after the Judgment was entered.

## Conclusions of Law

When no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is exhausted." *Adkins v. United States,* 204 F.3d 1086, 1089(11th Cir. 2000).  The judgment becomes final once the defendant exhausts, or foregoes, his or her opportunity to pursue direct appeal. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

A defendant has 10 days after final judgment is entered to file a Notice of Appeal. Fed.R.App.P.4(b)(1)(A).

From the date of finality of  Petitioner's judgment of conviction, to wit., January 26, 2004, until August 31, 2007, a period of more than three and one-half years, Petitioner Goodrum filed no pleadings  whatsoever in her case.  *See* Docket, Case No. 5: 07-CR-21.  On August 31, 2007, Petitioner filed a Motion To Proceed Pro Se (Doc. 39) with a Motion to Correct Sentence (Doc. 41). Her Document #41 Motion To Correct Sentence  morphed circuitously into her present Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 51), filed in this Court on June 20, 2008.   Neither of these Motions were filed within one-year of the finality of her Judgment of conviction in this case.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia, that a habeas petition may not be filed* more than one year from 'the date on which the judgment becomes *final.'* 28 U.S.C. § 2255(1) (emphasis added).*" Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002).

The AEDPA codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part, provides as follows:

A 1-year period of limitation shall apply to a motion under this

section.  The limitation period shall run from the latest of -
(1) the date on which judgment of conviction becomes final;
(2) the date on which impediment to making a motion created
by governmental action in violation of the Constitution or laws
of the United States is removed, if movant was prevented from
making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized
by the Supreme Court, if that right has been newly recognized
by the Supreme Court and made retroactively applicable to cases
on collateral review; or
(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

Petitioner has at no time claimed equitable tolling or any type of tolling of the AEDPA 1-year period of limitations.  She has not made a claim of newly discovered evidence.  She has not intimated that the Government in anyway interfered with her ability to file a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 after the entry of her Judgment of conviction on January 16, 2004.

Petitioner Goodrum's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is time-barred by the AEDPA one-year period of limitations.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 51), be DENIED as time-barred.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 5th Day of November 2008.

S/ G. MALLON FAIRCLOTH
**UNITED STATES MAGISTRATE JUDGE**